

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37944-2-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| HALEY K. BUCKLEY, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, A.C.J. — The State appeals the trial court's sua sponte order

vacating Haley Buckley's conviction on a plea of guilty to possession of a controlled

substance with intent to deliver. We reverse.

FACTS

On July 31, 2017, Haley Buckley pleaded guilty in Asotin County to possession of

a controlled substance with intent to deliver. Ms. Buckley was represented by attorney

Robert Van Idour in the criminal proceedings, a lawyer licensed in Idaho but not in

Washington.

Because our record is limited, we include further details about Mr. Van Idour's

practice of law in Asotin County as related by our Supreme Court in *In re Personal*

*Restraint of Lewis*, which concerned other defendants who had been represented by Mr.

Van Idour in criminal proceedings:

Van Idour declares he was admitted to the Idaho bar in 1980 and had practiced for over 30 years, including handling hundreds of criminal defense cases. In 2017, Van Idour began representing clients as a contract public defender in Asotin County under APR 8 and under the supervision of attorney Neil P. Cox. Van Idour states that he was notified in 2017 that his admission by motion requirements were met but that his admission under APR 8 was not granted.

. . .Van Idour stipulated to the following facts in the Washington State Bar Association (WSBA) disciplinary complaint: he was admitted to practice in Idaho and he was never admitted to practice in Washington; he told the Asotin County Board of Commissioners that he was in the process of applying for admission in Washington when seeking the county's indigent defense contract; in 2017, he applied to WSBA by motion under APR 3(c); and he was awarded the indigent defense contract, which he signed on January 29, 2017, requiring him to be a member of WSBA throughout the term of the contract (February 1, 2017 to January 31, 2018).

Van Idour further stipulated that he was not admitted to practice at the time he executed the contract and did not gain admission during the pendency of that contract, in which he represented over 100 clients. On February 20, 2017, Van Idour applied for limited admission to WSBA under APR 8(c), which was never approved. . . . On October 26, 2017, Van Idour was notified that his application for admission under APR 3(c) was approved and that he was required to take additional steps prior to gaining admission. A little over a month later, Van Idour received notice that his APR 8(c) application was denied because he did not meet the criteria for limited admission under the rule.

Van Idour states that he believed he was authorized to practice in Asotin County because he had applied for admission under APR 3(c) and 8(c), and because the court appointed him as counsel in February 2017. But, Van Idour agreed that neither the pending applications nor the court appointment actually authorized him to practice and that he should have confirmed his authorization with WSBA.

2

Accordingly, Van Idour stipulated to violating the rules of professional conduct by practicing law without authorization. WSBA noted Van Idour's lack of prior disciplinary record, his character and reputation, and his remorse as mitigating factors, and noted his lengthy experience was an aggravator. WSBA imposed the presumptive sanction of suspension. This court approved and suspended Van Idour for 18 months, enjoining him from seeking admission to WSBA during that time.

200 Wn.2d 848, 854-56, 523 P.3d 760 (2023).

*Order to vacate*

On December 28, 2020, Judge Gary Libey sua sponte entered an order vacating

Buckley's judgment and sentence and ordered the State to refund legal financial

obligations. The order reads in relevant part:

THE COURT ON ITS OWN MOTION FINDS AND ORDERS AS FOLLOWS;
. . . .
It is undisputed that Robert Van Idour was never a lawyer admitted to practice in the State of Washington at all times relevant hereto. As such Mr. Van Idour did not have legal standing to act as Ms. Buckley's attorney, and as a consequence she did not have counsel, let alone effective competent counsel to represent her. This Court finds that Ms. Buckley did not have counsel as guaranteed by the 6th Amendment to the U.S. Constitution and Article I, Section 22 of the Washington State Constitution. . . . This Court finds the Judgment and Sentence in this case to be a grave and manifest injustice to Ms. Buckley.

Pursuant to the inherent authority in the court to correct a substantial miscarriage of justice, and also pursuant to CrR 7.8 . . . specifically [b] [1], irregularity in obtaining a judgment and order [lack of counsel], [2] newly discovered evidence [Ms. Buckley did not have legal counsel] which by due diligence could not have been discovered by her, [3] misrepresentation by

3

the appointment of Mr. Van Idour as her "attorney", and [5] any other
reason justifying relief from the operation of the Judgment and Sentence, ie
a prison sentence without the right to counsel afforded to Ms. Buckley.

Clerk's Papers at 38-39 (alterations in original).

On January 5, 2021, the State appealed. We stayed the appeal pending the

outcome of *Lewis*. In *Lewis*, our Supreme Court concluded that representation by Mr.

Van Idour did not amount to a constitutional denial of counsel because he was a licensed

attorney, albeit an attorney licensed in another state. 200 Wn.2d at 852.

ANALYSIS

The State contends the trial court erred in sua sponte vacating Ms. Buckley's

conviction. We agree.

In vacating Ms. Buckley's conviction, the trial court relied on its inherent authority

to correct a substantial miscarriage of justice and on CrR 7.8. While we normally review

decisions to vacate a conviction for an abuse of discretion, we review a claim of

constitutional error underlying the decision de novo. *State v. Buckman*, 190 Wn.2d 51,

57, 409 P.3d 193 (2018).

On appeal, the State originally raised a number of alleged procedural errors

affecting the court's order. Our Supreme Court's decision in *Lewis*, however, makes

clear that the trial court abused its discretion because it based its decision on a nonexistent

No. 37944-2-III
*State v. Buckley*

denial of counsel. As with the petitioners in *Lewis*, when Mr. Van Idour represented Ms. Buckley, "he was duly licensed to practice law in Idaho. He therefore qualifies as counsel under the Sixth Amendment [to the United States Constitution]." *Lewis*, 200 Wn.2d at 871.

Reversed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Pennell, J.

Staab, J.